Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 08 2012, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RUSSELL T. CLARKE, JR.**
Emswiller, Williams, Noland & Clarke, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**MICHAEL G. RUPPERT**
**JAIMIE L. (ZIBROWSKI) CAIRNS**
Ruppert & Schaefer, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES R. LOCKHART, JR., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1103-DR-208 |
| | ) | |
| LISA (LOCKHART) GUYER, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
The Honorable William P. Greenaway, Magistrate
Cause No. 29D02-0605-DR-479

**March 8, 2012**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**KIRSCH, Judge**

On December 20, 2011, this court issued an unpublished memorandum decision in *Lockhart v. Guyer*, No. 29A02-1103-DR-208 (Ind. Ct. App. Dec. 11, 2011). In that memorandum decision, we addressed the following three issues: (1) whether the trial court erred when it granted Lisa (Lockhart) Guyer's ("Wife) petition for accounting and enforcement of the parties' decree of dissolution; (2) whether the trial court erred in failing to include in its order the parties' stipulation regarding James R. Lockhart, Jr.'s overpayment of child support; and (3) whether the trial court erred in awarding Wife attorney fees in the amount of $20,000.

Wife has filed a Petition for Rehearing regarding the following language, which was included in our memorandum decision under issue three: "We instruct the trial court to enter findings consistent with Indiana Code section 34–52–1–1(b), Professional Conduct Rule 1.5(a), and relevant caselaw regarding the basis, if any, for awarding attorney fees and for the specific amount of such fees." *Lockhart*, No. 29A02-1103-DR-208 at *7. We grant Wife's petition for rehearing for the sole purpose of removing the citation to Indiana Code section 34-52-1-1(b) in the above-quoted language and inserting in its place a citation to Indiana Code section 31-15-10-1. We affirm our memorandum decision as to the remaining two issues and in all other regards.

BAKER, J., and BROWN, J., concur.